James H. Power
Isabel D. Knott
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
James.Power@hklaw.com
Isabel.Knott@hklaw.com
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RAMBLER FINANCE COMPANY<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 25-Misc. _____ |

**EX PARTE APPLICATION FOR AN ORDER ALLOWING DISCOVERY PURSUANT TO 28 U.S.C. §1782**

Applicant Rambler Finance Company ("Rambler" or "Petitioner"), by and through its undersigned counsel, Holland & Knight LLP, submit this *ex parte* application for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of documents and information in the possession of International Registries, Inc., as agent for The Trust Company of the Marshall Islands, for use in pending and reasonably contemplated foreign proceedings, specifically, actions to be filed in the Republic of Bulgaria and the Republic of Marshall Islands against Petitioner's minority shareholder and its ultimate beneficial owners to prevent a continuing fraud that is being perpetrated in connection with a commercial port facility located in Sozopol in the Republic of Bulgaria to the detriment of Petitioner, its majority shareholder and that majority shareholder's ultimate beneficial owner. The Declaration of James H. Power (hereinafter "Power Decl."), and a Memorandum of Law are submitted contemporaneously with this Petition.

**JURISDICTION, PARTIES & VENUE**

1. Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this application is for discovery involving documents located within the Southern District of New York, discovery necessary to assist Petitioner in its pending and reasonably contemplated foreign court proceedings.

2. At all material times, Rambler is and was a foreign entity registered under the laws of the Republic of Marshall Islands, with a registered address in the Marshall Islands.

3. At all material times, Zelda Properties Limited ("Zelda Properties") is and was a foreign entity registered under the laws of the Republic of Marshall Islands, with a registered address in the Marshall Islands. Zelda Properties is and was at all material times the majority shareholder in Petitioner, holding 80% of the shares of Rambler.

4. As a matter of corporate governance, no actions can be taken with respect to Rambler without notice to, and consent of, Zelda Properties as the majority shareholder.

5. At all material times, Argentina International S.A. ("Argentina International") is and was a foreign entity registered under the laws of the Republic of Marshall Islands, with a registered address in the Marshall Islands. Argentina International is and was at all material times the minority shareholder in Petitioner, holding 20% of the shares of Rambler.

6. The sole director of Rambler is and at all material times was Mr. Stoyan Penev Georgiev ("Mr. Georgiev").

7. The sole director of Zelda Properties is and at all material times was Mr. Georgiev.

8. The sole director of Argentina International was, as of May 15, 2020, and, upon information and belief, is, Mr. Georgiev.

9. Venue in the Southern District of New York is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from a corporation within this judicial district, along with the documents being presently in this jurisdiction.

## RELEVANT FACTS

10. In or around 2006, Zelda Properties' ultimate beneficial owner, Atanas Bostandjiev, purchased an 80% interest in Marina Port Sozopol EAD ("Marina Port Sozopol"), which, in turn, owns a commercial port facility and marina located in Sozopol in the Republic of Bulgaria (the "Port Facility"). The sellers, Genko Anguelov Karabadjakov ("Mr. Karabadjakov") and Dimitar Dimitrov ("Mr. Dimitrov"), retained a 20% interest in the Port Facility as ultimate beneficial owners of the minority shareholder in the Port Facility. The Port Facility is valued in excess of $10 million.

11. The current corporate ownership structure was put in place in 2016, whereby Mr. Bostandjiev holds an 80% ownership interest as ultimate beneficial owner of Zelda Properties, the majority shareholder in Rambler, whereas Mr. Karabadjakov and Mr. Dimitrov hold a 20% ownership interest as ultimate beneficial owners of Argentina International, the minority shareholder in Rambler.

12. In or around 2018, Mr. Georgiev was appointed as sole director of each of Rambler, Zelda Properties and Argentina International.

13. In or around April or May, 2025, upon information and belief, third parties caused to be recorded certain documentation which appears to be fraudulent purporting to identify Mr. Karabadjakov as the sole director of Rambler. This action was taken without notice to, or consent by the majority shareholder, Zelda Properties or its ultimate beneficial owner, Mr. Bostandjiev.

14. Such third parties then obtained a Marshall Islands "Certificate of Incumbency" purportedly identifying Mr. Karabadjakov as the sole director of Rambler, and, upon information and belief, thereafter falsely represented Mr. Karabadjakov as authorized and competent to take actions on behalf of Rambler, including in connection with the governance and control of Marina Port Sozopol and the Port Facility in the Republic of Bulgaria as the Bulgarian property is wholly owned by Rambler via its 100% ownership of the shares of Marina Port Sozopol.

15. Upon information and belief, Mr. Karabadjakov, and others engaged in this fraudulent conspiracy, are taking actions in the Republic of Bulgaria (and, potentially, elsewhere) to divert, dissipate or otherwise encumber the assets of Rambler, including, in particular, Marina Port Sozopol and the Port Facility, for purposes of self-dealing to the detriment of Rambler and its majority shareholder, Zelda Properties. Such actions include (i) wrongfully taking steps to establish control over Marina Port Sozopol through the unlawful replacement of its management functions and executive directors without the knowledge, consent or approval of the majority shareholder, Rambler, and without written resolution documenting the purported replacement of Rambler's sole director, Mr. Georgiev, by Mr. Karabadjakov; and, (ii) gaining control over bank accounts held in the name of Marina Port Sozopol by masquerading as the legitimate director of Rambler, and thereby purporting to effectuate a change to the board composition of Marina Port Sozopol under false pretenses.

16. Based on the foregoing, Rambler has already commenced legal proceedings in the commercial courts in the Republic of Bulgaria to seek to enjoin Mr. Karabadjakov and his co-conspirators from continuing to engage in fraudulent and unlawful actions to the detriment of Rambler and in breach of their respective fiduciary and other duties and obligations.

17. Specifically, on or about May 12, 2025, Rambler filed a statement of claim with the Sofia City Court, Republic of Bulgaria in Commercial Case No. 926/2025 (the "Bulgarian Court") challenging a purported change to the board of directors of Marina Port Sozopol, including the alleged appointment of Mr. Karabadjakov as the new executive director of that entity, as filed with the Bulgarian Commercial Register in reliance upon a purported resolution of Rambler dated May 5, 2025 (i.e. the sole shareholder in Marina Port Sozopol), allegedly acting through Mr. Karabadjakov as Rambler's "sole director" (the "May 5th Resolution"), and seeking relief in the form of a declaration of nullity of the May 5th Resolution (the "First Bulgarian Proceedings"). The First Bulgarian Proceedings remain pending before the Sofia City Courts.

18. Thereafter, the legitimate corporate representative of Rambler commenced a second lawsuit in the Republic of Bulgaria to request the suspension of the registration of the purported changes to the board of Marina Port Sozopol in Commercial Case No. 925/2025 in the Sofia City Courts (the "Second Bulgarian Proceedings"). On May 12, 2025, the Court dismissed and terminated the Second Bulgarian Proceedings for lack of proof in admissible form (i) establishing that the filing party (i.e., Mr. Georgiev as the legitimate director Rambler) continues as the legitimate sole director of Rambler pursuant to its governing documents and pursuant to Marshall Islands law; and, (ii) evidencing the underlying fraudulent actions that resulted in the purported Certificate of Incumbency (information and evidence which is not currently in Petitioner's possession given the fraudulent actions by Mr. Karabadjakov to masquerade as the legitimate director of Petitioner).

19. Additionally, given the imminent risk of dissipation of Rambler's corporate assets, Mr. Bostandjiev reasonably contemplates commencing a further lawsuit in the Republic

of Bulgaria, in his capacity as the ultimate beneficial owner of 80% of the capital in Marina Port Sozopol, seeking to restrain and enjoin any conduct taken in reliance on the May 5th resolution, including, without limitation, any disposal of real estate held by Marina Port Sozopol and/or any attachment of assets of Marina Port Sozopol (including the shares in the company) pending the outcome of judicial proceedings to establish the legality of the purported change of director of Rambler.

20. In these circumstances, Rambler intends to imminently bring an additional legal action in the High Court of the Marshall Islands once records required in this application are received so as to make allegations fully supported by the official records obtained in the corporate registry files of International Registries, Inc., against Argentina International, Mr. Karabadjakov, as purported director of Rambler, and Mr. Dimitrov, as ultimate beneficial owner of Argentina International. In particular, Rambler reasonably contemplates commencing litigation in the Marshall Islands (a) seeking a declaratory judgment declaring the actions taken by these third parties as *ultra vires* and *void ab initio* and declaring Mr. Georgiev to be the sole director of Rambler; (b) asserting claims against Argentina International for breach of its fiduciary duties as minority shareholder in Rambler; and, (c) asserting claims against Mr. Karabadjakov and his co-conspirators including, without limitation, Mr. Dimitrov, for fraudulently masquerading as legitimate directors of Rambler and its wholly owned subsidiary, Marina Port Sozopol, for purposes of self-dealing in order to divert, dissipate and/or encumber that entity's assets, including, most significantly, the Port Facility, under false pretenses (the "Marshall Islands Proceedings" and, together with the Bulgarian Proceedings, the "Foreign Proceedings").

21. Each of the above Foreign Proceedings are, either, pending or are reasonably contemplated, as required by 28 U.S.C §1782(a).

22. As is established in the accompanying materials, International Registries, Inc. acts as agent for The Trust Company of the Marshall Islands in New York, and maintains records in connection with the corporate registration of Marshall Islands entities including Rambler, Zelda Properties and Argentina International.

23. Specifically, Petitioner seeks information evidencing those persons or entities responsible for filing or recording fraudulent records in connection with Petitioner's internal corporate governance, identifying the persons or entities acting as the address of record for each of the referenced entities and the persons or entities responsible for payment of corporate registration fees due and owing to the Registry in connection with each of these entities to identify the participants in the continuing fraudulent scheme described above.

24. Granting this Application will further the statute's twin goals of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts by example to provide similar means of assistance to our courts.

## REQUEST FOR RELIEF

25. Petitioner requests that the Court provide discovery assistance with respect to the Foreign Proceedings.

26. Petitioner requests that International Registries, Inc., as agent for The Trust Company of the Marshall Islands, which is present in the Southern District of New York, be directed to provide discovery described below in support of the Foreign Proceedings.

27. As more specifically plead in Petitioner's Memorandum of Law in Support of Petition for an Order Under 28 U.S.C. § 1782, assistance is appropriate here because: (i) International Registries, Inc. "resides" at or is "found" in this district; (ii) Petitioner is an "interested person" as a party with standing to submit evidence in the Foreign Proceedings

and/or a party thereto; and (iii) the Foreign Proceedings are either pending or reasonably contemplated to be commenced before one or more "foreign or international tribunals," and (iv) the information obtained will be introduced in the Foreign Proceedings.

28. As described more fully in the accompanying Declaration of James H. Power, the requested materials are necessary to submit evidence to the courts in the Republic of Marshall Islands and the Republic of Bulgaria of a continuing fraudulent scheme to seize control of Marina Port Sozopol in order to prevent further wrongdoing by third parties currently masquerading as the legitimate directors of Rambler and Marina Port Sozopol for personal gain.

29. In light of the imminent risk of irreversible diversion, dissipation and/or encumbering of the underlying assets, which are held by Marina Port Sozopol in the Republic of Bulgaria, based on the fraudulent Certificate of Incumbency, Petitioner respectfully requests that production of the requested materials be granted on an expedited basis.

30. WHEREFORE, pursuant to 28 U.S.C. §1782, Rambler Finance Company requests that this Court enter an Order:

A. Authorizing Petitioner to conduct limited discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure in the form of production of relevant documents and information held by persons and/or entities, including International Registries, Inc., within the jurisdiction of this Court and as set forth in the Proposed Order; and

B. Directing International Registries, Inc. to comply with any discovery authorized by this Court's Order in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

C. Appointing the undersigned counsel, to issue appropriate subpoenas to obtain the discovery authorized by this Court's Order;

D. Providing that there is good cause to Order that notice of the discovery authorized by this Court need not be provided until such time as the responsive documents from International Registries, Inc. are produced, but that no such documents shall be submitted in any foreign proceedings until such time as notice under the Federal Rules of Civil Procedure is provided to the parties to be named as individuals in such foreign actions;

E. Providing that this Court shall retain jurisdiction over this matter as is necessary to enforce the terms of any discovery authorized by this Court's Order;

F. Granting the Petitioner such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
May 16, 2025

HOLLAND & KNIGHT LLP

By: James H. Power

James H. Power
Isabel D. Knott
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
James.Power@hklaw.com
Isabel.Knott@hklaw.com

*Attorneys for Petitioner Rambler Finance Company*