UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RAMBLER FINANCE COMPANY<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 25-Misc. ______ |

**DECLARATION OF JAMES H. POWER IN SUPPORT OF**
**APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, James H. Power, declare as follows:

1. I am a member of the law firm of Holland & Knight LLP, counsel for Rambler Finance Company ( “Petitioner” or “Rambler”) and am duly admitted to practice in the State of New York and before the United States District Court for the Southern District of New York. I am also admitted to practice in the Republic of the Marshall Islands (RMI Bar No. 193) where I am Chambers Ranked Band 1 for commercial litigation in the Marshall Islands.

2. I make this Declaration in support of the application of Petitioner to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1782 (the “1782 Application”) seeking discovery with respect to documents located in the United States and in this judicial district in the possession or control of International Registries, Inc. as agent for The Trust Company of the Marshall Islands, for use in one or more pending and reasonably contemplated foreign proceedings by Petitioner. International Registries, Inc. provide administrative and technical support to the Republic of the Marshall Islands (RMI) Maritime and Corporate Registries.[1]

[1] *See* https://www.register-iri.com/about-iri/ accessed on May 16, 2025.

3. I am fully authorized to make this Declaration by Petitioner. I am fully familiar with efforts to enjoin third parties from continuing to perpetrate a fraud by masquerading as the legitimate director of Petitioner for purposes of self-dealing and, by false pretenses, dissipating and otherwise encumbering Petitioner's assets (including, most significantly, a commercial port facility and marina located in Sozopol in the Republic of Bulgaria) in pending litigation in the Republic of Bulgaria and reasonably contemplated proceedings in the Republic of Bulgaria and the Marshall Islands (collectively, the "Foreign Proceedings").

4. To the best of my knowledge, information, and belief, International Registries, Inc., from whom discovery is sought, resides and is found in the Southern District of New York and is believed to have relevant and valuable information concerning matters pertinent to the Foreign Proceedings.

5. Unless stated otherwise, the statements herein are based on my personal knowledge from my involvement in Petitioner's case, as well as my review of relevant documents and based on similar relief obtained in other non-related matters which included the same type of records from International Registries, Inc.

**<u>The Parties and Factual Background</u>**

6. In or around 2006, Zelda Properties' ultimate beneficial owner, Atanas Bostandjiev, purchased an 80% interest in Marina Port Sozopol EAD ("Marina Port Sozopol"), which, in turn, owns a commercial port facility and marina located in Sozopol in the Republic of Bulgaria (the "Port Facility"). The sellers, Genko Anguelov Karabadjakov ("Mr. Karabadjakov") and Dimitar Dimitrov ("Mr. Dimitrov"), retained a 20% interest in the Port Facility as ultimate beneficial owners of the minority shareholder in the Port Facility. Based on my preparations for this matter, I have come to learn that the Port Facility is valued in excess of $10 million.

7. The current corporate ownership structure was put in place in 2016, whereby Mr. Bostandjiev holds an 80% ownership interest as ultimate beneficial owner of Zelda Properties, the majority shareholder in Rambler, whereas Mr. Karabadjakov and Mr. Dimitrov hold a 20% ownership interest as ultimate beneficial owners of Argentina International, the minority shareholder in Rambler. A review of the Bulgarian commercial register and register of non-profit legal entities shows that Rambler is listed as the sole owner of the capital in Marina Port Sozopol.[2]

8. In or around 2018, Mr. Georgiev was appointed as sole director of Rambler, Zelda Properties and Argentina International. True and correct copies of the Certificates of Incumbency identifying Mr. Georgiev as the sole director of each of Rambler, Zelda Properties and Argentina International dated May 15, 2020 are attached as **Exhibit A.** These are the last known official records prior to the newly discovered efforts to fraudulently record a different director.

9. At all material times, Mr. Georgiev was and is the sole director of Rambler, Zelda Properties and, upon information and belief, Argentina International. True and correct copies of documents titled "Declaration of Incumbency" for Rambler and Zelda Properties, dated January 20, 2025, are attached as **Exhibit B**.

10. In or around April or May, 2025, upon information and belief, third parties caused to be recorded certain documentation which appears to be fraudulent purporting to identify Mr. Karabadjakov as the sole director of Rambler. This action was taken without notice to, or consent by the majority shareholder, Zelda Properties or its ultimate beneficial owner, Mr. Bostandjiev.

11. Such third parties then obtained a Marshall Islands "Certificate of Incumbency" purportedly identifying Mr. Karabadjakov as the sole director of Rambler, and, upon information and belief, thereafter falsely represented Mr. Karabadjakov as authorized and competent to take

[2] *See* https://portal.registryagency.bg/CR/en/Reports/ActiveConditionTabResult?uic=175028274 accessed on May 16, 2025.

actions on behalf of Rambler, including in connection with the governance and control of Marina Port Sozopol and the Port Facility in the Republic of Bulgaria, as the Bulgarian property is wholly owned by Rambler via its 100% ownership of the shares of Marina Port Sozopol EAD. A true and correct copy of the purported certificate of incumbency dated April 25, 2025 identifying Mr. Karabadjakov as the sole director of Petitioner (the "Purported Certificate of Incumbency") is attached as **Exhibit C**.

12. Petitioner has no knowledge of the origins of the Purported Certificate of Incumbency, including whether it was fraudulently obtained by the company's "Address of Record" in the Marshall Islands filing a false "Declaration of Incumbency" in that jurisdiction, or whether third parties obtained a counterfeit "Certificate of Incumbency" purportedly identifying Mr. Karabadjakov as the sole director of Rambler under Marshall Islands law. Given that the sole individual authorized to communicate with the Registrar under Marshall Islands law is the Address of Record, Petitioner does not have access to information about the actions of (or even the identity of) the person currently acting or presenting themselves as Rambler's designated Address of Record in the Marshall Islands. As a corollary, Petitioner also cannot currently access its own corporate and registration records in the Marshall Islands without commencing litigation. In the meantime, however, Petitioner urgently needs access to certain corporate and registration records to protect its interests against further interference in the Republic of Bulgaria.

13. Upon information and belief, Mr. Karabadjakov, and others engaged in this fraudulent conspiracy, are taking actions in the Republic of Bulgaria (and, potentially, elsewhere) to divert, dissipate or otherwise encumber the assets of Rambler, including, in particular, Marina Port Sozopol and the Port Facility, for purposes of self-dealing to the detriment of Rambler and its majority shareholder, Zelda Properties. Such actions include (i) wrongfully taking steps to

establish control over Marina Port Sozopol through the unlawful replacement of its management functions and executive directors without the knowledge, consent or approval of the majority shareholder, Rambler, and without written resolution documenting the purported replacement of Rambler's sole director, Mr. Georgiev, by Mr. Karabadjakov; and, (ii) gaining control over bank accounts held in the name of Marina Port Sozopol by masquerading as the legitimate director of Rambler, and thereby purporting to effectuate a change to the board composition of Marina Port Sozopol under false pretenses.

14. Based on the foregoing, Rambler has already commenced legal proceedings in the commercial courts in the Republic of Bulgaria to seek to enjoin Mr. Karabadjakov and his co-conspirators from continuing to engage in fraudulent and unlawful actions to the detriment of Rambler and in breach of their respective fiduciary and other duties and obligations.

15. Specifically, on or about May 12, 2025, Rambler filed a statement of claim with the Sofia City Court, Republic of Bulgaria in Commercial Case No. 926/2025 (the "Bulgarian Court") challenging a purported change to the board of directors of Marina Port Sozopol, including the alleged appointment of Mr. Karabadjakov as the new executive director of that entity, as filed with the Bulgarian Commercial Register in reliance upon a purported resolution of Rambler dated May 5, 2025 (i.e. the sole shareholder in Marina Port Sozopol), allegedly acting through Mr. Karabadjakov as Rambler's "sole director" (the "May 5th Resolution"), and seeking relief in the form of a declaration of nullity of the May 5th Resolution (the "First Bulgarian Proceedings"). The First Bulgarian Proceedings remain pending before the Sofia City Courts.

16. Thereafter, the legitimate corporate representative of Rambler commenced a second lawsuit in the Republic of Bulgaria to request the suspension of the registration of the purported changes to the board of Marina Port Sozopol in Commercial Case No. 925/2025 in the

Sofia City Courts (the "Second Bulgarian Proceedings"). On May 12, 2025, the Court dismissed and terminated the Second Bulgarian Proceedings for lack of proof in admissible form (i) establishing that the filing party (i.e., Mr. Georgiev as the legitimate director Rambler) continues as the legitimate sole director of Rambler pursuant to its governing documents and pursuant to Marshall Islands law; and, (ii) evidencing the underlying fraudulent actions that resulted in the purported Certificate of Incumbency (information and evidence which is not currently in Petitioner's possession given the fraudulent actions by Mr. Karabadjakov to masquerade as the legitimate director of Petitioner).

17. Additionally, given the imminent risk of dissipation of Rambler's corporate assets, Mr. Bostandjiev reasonably contemplates commencing a further lawsuit in the Republic of Bulgaria, in his capacity as the ultimate beneficial owner of 80% of the capital in Marina Port Sozopol, seeking to restrain and enjoin any conduct taken in reliance on the May 5th resolution, including, without limitation, any disposal of real estate held by Marina Port Sozopol and/or any attachment of assets of Marina Port Sozopol (including the shares in the company) pending the outcome of judicial proceedings to establish the legality of the purported change of director of Rambler.

18. In these circumstances, Rambler intends to imminently bring an additional legal action in the High Court of the Marshall Islands once records requested in this application are received so as to make allegations fully supported by the official records obtained in the corporate registry files of International Registries, Inc., against Argentina International, Mr. Karabadjakov, as purported director of Rambler, Mr. Dimitrov, as ultimate beneficial owner of Argentina International. In particular, Rambler reasonably contemplates commencing litigation in the Marshall Islands (a) seeking a declaratory judgment declaring the actions taken by these third

parties as *ultra vires* and *void ab initio* and declaring Mr. Georgiev to be the sole director of Rambler; (b) asserting claims against Argentina International for breach of its fiduciary duties as minority shareholder in Rambler; and, (c) asserting claims against Mr. Karabadjakov and his co-conspirators including, without limitation, Mr. Dimitrov, for fraudulently masquerading as legitimate directors of Rambler and its wholly owned subsidiary, Marina Port Sozopol, for purposes of self-dealing in order to divert, dissipate and/or encumber that entity's assets, including, most significantly, the Port Facility, under false pretenses (the "Marshall Islands Proceedings" and, together with the Bulgarian Proceedings, the "Foreign Proceedings"). As an attorney admitted in the Republic of the Marshall Islands, I have confirmed those are viable claims.

**Evidence Required for Submission to Foreign Tribunal**

19. This law firm has been coordinating with local counsel representing Petitioner, its majority shareholder, Zelda Properties, and the ultimate beneficial owner, Mr. Bostandiev, before the commercial courts in the Republic of Bulgaria ("Local Counsel").

20. I am advised by Local Counsel that the foreign tribunal in the Republic of Bulgaria requires proof in admissible form of various aspects of the internal corporate governance of Rambler under Marshall Islands law.

21. In particular, I understand that Local Counsel requires, and desires to receive on the most expedited timeline possible, the following categories of evidence in order to protect Rambler's interests in Marina Port Sozopol and its underlying assets, including, in particular, the Port Facility, in pending and reasonably contemplated legal proceedings in the Republic of Bulgaria:

a) Certificates of good standing for Petitioner and Zelda Properties;

b) Corporate records evidencing Mr. Georgiev as the legitimate director of Petitioner and Zelda Properties (and the absence of legitimate corporate records appointing Mr. Karabadjakov as the sole director);

c) Formation documents, amendments, bylaws, minutes and resolutions for the referenced entities;

d) Legitimate certificates of incumbency, bylaws, power(s) of attorney, minutes and filed financial records of the referenced entities.

22. Given that Petitioner, Zelda Properties and Argentina International are Marshall Islands entities, such information is not available within the Republic of Bulgaria and is not amenable to judicial or discovery processes in that jurisdiction.

23. Nor is such information currently available to Petitioner in the Marshall Islands as a result of the apparent rogue actions of the Address of Record who is, based on the facts uncovered to date, operating via instructions provided by individuals lacking authority to do so and to the detriment of Rambler and its majority shareholder.

**<u>Petitioner's Request for Discovery Pursuant to 28 USC § 1782</u>**

24. Under the circumstances, the following categories of evidence will be relevant, important and useful to Petitioner's adjudication of the pending and contemplated Foreign Proceedings set forth above, all of which evidence is located in the United States in the possession and control of International Registries, Inc., for the period April 1, 2016 to present for each of Rambler, Argentina International and Zelda Properties Limited:

a) For the period April 1, 2016 to present, all documents in the possession or control of International Registries, Inc. as agent for The Trust Company of the Marshall

Islands, concerning the formation and corporate registration (including the payment of registration fees) of the following entities:

(i) Rambler Finance Company;

(ii) Zelda Properties Limited; and

(iii) Argentina International S.A.,

(together, the "Discovery Subjects");

b) For the period April 1, 2016 to present, all documents in the possession or control of International Registries, Inc. as agent for The Trust Company of the Marshall Islands concerning communications between The Trust Company of the Marshall Islands and any of the referenced entities or their agents or representatives; and

c) For the period April 1, 2016 to present, all documents in the possession or control of International Registries, Inc. as agent for The Trust Company of the Marshall Islands, concerning each directorship held by actual and purported directors of the referenced entities; and

d) For the period April 1, 2016 to present, all documents in the possession or control of International Registries, Inc. as agent for The Trust Company of the Marshall Islands concerning communications and/or records of discussions and negotiations between The Trust Company of the Marshall Islands and any of the referenced entities and/or the actual and purported directors of the referenced entities.

25. I understand that International Registries, Inc. has control and access to all of the above information within this District.

26. I further understand that the above mentioned documents are considered third party records belonging to International Registries, Inc. and/or the referenced entities, and do not otherwise belong to Petitioner.

27. None of the information requested has been made available to Petitioner and is not available to Petitioner within the Republic of Bulgaria where time-sensitive legal proceedings to prevent further damage and injury to Petitioner's majority interest in Rambler, Marina Port Sozopol and the Port Facility are pending and reasonably contemplated. Although International Registries, Inc. maintains offices in a large number of locations worldwide, it does not maintain a presence in the Republic of Bulgaria.[3]

28. As described above, the information is not available to Petitioner in the Marshall Islands as the custodian of the corporate records sought, International Registries, Inc., is not located in the Republic of the Marshall Islands[4] and, given the apparent rogue actions of Rambler's Address of Record and the introduction of an imposter director, not otherwise accessible to Petitioner without commencing litigation in that foreign jurisdiction.

29. In previous cases where I have sought access to business records of Marshall Islands entities, International Registries, Inc., with offices in New York and Virginia, has advised that such information will be produced pursuant to subpoena. In fact, I have successfully obtained such records from the Registrar in previous cases, including, for example, *In re Akhmedova,* No. 19-mc-26 (S.D.N.Y.).

30. Finally, granting the assistance requested by Petitioner will not offend any foreign jurisdiction or constitute a circumvention of foreign proof-gathering rules. There is no Bulgarian

[3] *See* https://www.register-iri.com/about-iri/ accessed on May 16, 2025.
[4] *Id.*

or Marshall Islands rule of evidence that would prevent discovery obtained under 28 U.S.C. § 1782 being used in the pending or the reasonably contemplated Foreign Proceedings.

**Conclusion**

31. Under the circumstances, evidence that will be relevant to Petitioner's entitlement to relief in the contemplated Foreign Proceedings is not fully available abroad but is located in the United States in this District.

32. As such, Petitioner respectfully requests the Court grant its request for discovery pursuant to 28 U.S.C. § 1782.

I declare under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief.

Dated: New York, New York
May 16, 2025

James H. Power

JAMES H. POWER