James H. Power
Isabel D. Knott
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
James.Power@hklaw.com
Isabel.Knott@hklaw.com
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RAMBLER FINANCE COMPANY<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 25-Misc. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF AN *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. §1782**

Petitioner Rambler Finance Company (the "Petitioner" or "Rambler"), by and through its undersigned counsel, Holland & Knight LLP, and for its Memorandum of Law in Support of an Application for an Order Granting Discovery Pursuant to 28 U.S.C. § 1782, states as follows:

## PRELIMINARY STATEMENT

This Memorandum is offered in support of Petitioner's application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of the production of relevant documents in the possession, custody and/or control of International Registries, Inc. for use in certain pending and additional reasonably contemplated foreign proceedings.

The pending foreign proceedings already initiated in the Republic of Bulgaria, and to be imminently filed in the Republic of the Marshall Islands, seek to challenge a purported change to the board composition of a Bulgarian entity, Marina Port Sozopol EAD, in which Petitioner, a

Marshall Islands entity, holds a 100% shareholding interest. These proceedings are to be brought in each of the Republic of Bulgaria and the Republic of the High Court of the Marshall Islands in connection with a continuing fraudulent conspiracy to divert, dissipate and/or encumber Petitioner's interests.

Petitioner needs the requested discovery to establish the continuing fraudulent attempt to divert and seize control of its corporate assets, including, most significantly a commercial port facility and marina project located in Sozopol in the Republic of Bulgaria, and unlawful self-dealing by the ultimate beneficial owners of the minority shareholder in Petitioner, also a Marshall Islands entity, in breach of their respective fiduciary duties owed to Petitioner.

It is clear that information highly relevant to the pending and reasonably contemplated foreign proceedings is held by International Registries, Inc. as agent for The Trust Company of the Marshall Islands, and that such discovery is within the scope of the discovery allowed by 28 U.S.C. § 1782.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this Application is for discovery involving documents located within the Southern District of New York, necessary to assist Petitioner in the Foreign Proceedings.

Venue in the Southern District of New York is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from International Registries, Inc., who is present within this Judicial District, for documents which are known to be presently located in this jurisdiction in International Registries, Inc.'s possession or control.

## FACTUAL BACKGROUND

In or around 2006, Zelda Properties' ultimate beneficial owner, Atanas Bostandjiev, purchased an 80% interest in Marina Port Sozopol EAD ("Marina Port Sozopol"), which, in turn, owns a commercial port facility and marina located in Sozopol in the Republic of Bulgaria (the "Port Facility"). The sellers, Genko Anguelov Karabadjakov ("Mr. Karabadjakov") and Dimitar Dimitrov ("Mr. Dimitrov"), retained a 20% interest in the Port Facility as ultimate beneficial owners of the minority shareholder in the Port Facility. The Port Facility is valued in excess of $10 million.

The current corporate ownership structure was put in place in 2016, whereby Mr. Bostandjiev holds an 80% ownership interest as ultimate beneficial owner of Zelda Properties, the majority shareholder in Rambler, whereas Mr. Karabadjakov and Mr. Dimitrov hold a 20% ownership interest as ultimate beneficial owners of Argentina International, the minority shareholder in Rambler.

In or around 2018, Mr. Georgiev was appointed as sole director of each of Rambler, Zelda Properties and Argentina International.

In or around April or May, 2025, upon information and belief, third parties caused to be recorded certain documentation which appears to be fraudulent purporting to identify Mr. Karabadjakov as the sole director of Rambler. This action was taken without notice to, or consent by the majority shareholder, Zelda Properties or its ultimate beneficial owner, Mr. Bostandjiev.

Such third parties then obtained a Marshall Islands "Certificate of Incumbency" purportedly identifying Mr. Karabadjakov as the sole director of Rambler, and, upon information and belief, thereafter falsely represented Mr. Karabadjakov as authorized and competent to take actions on behalf of Rambler, including in connection with the governance and control of Marina

Port Sozopol and the Port Facility in the Republic of Bulgaria, as the Bulgarian property is wholly owned by Rambler via its 100% ownership of the shares of Marina Port Sozopol EAD.

Upon information and belief, Mr. Karabadjakov, and others engaged in this fraudulent conspiracy, are taking actions in the Republic of Bulgaria (and, potentially, elsewhere) to divert, dissipate or otherwise encumber the assets of Rambler, including, in particular, Marina Port Sozopol and the Port Facility, for purposes of self-dealing to the detriment of Rambler and its majority shareholder, Zelda Properties. Such actions include (i) wrongfully taking steps to establish control over Marina Port Sozopol through the unlawful replacement of its management functions and executive directors without the knowledge, consent or approval of the majority shareholder, Rambler, and without written resolution documenting the purported replacement of Rambler's sole director, Mr. Georgiev, by Mr. Karabadjakov; and, (ii) gaining control over bank accounts held in the name of Marina Port Sozopol by masquerading as the legitimate director of Rambler, and thereby purporting to effectuate a change to the board composition of Marina Port Sozopol under false pretenses.

Based on the foregoing, Rambler has already commenced legal proceedings in the commercial courts in the Republic of Bulgaria to seek to enjoin Mr. Karabadjakov and his co-conspirators from continuing to engage in fraudulent and unlawful actions to the detriment of Rambler and in breach of their respective fiduciary and other duties and obligations.

Specifically, on or about May 12, 2025, Rambler filed a statement of claim with the Sofia City Court, Republic of Bulgaria in Commercial Case No. 926/2025 (the "Bulgarian Court") challenging a purported change to the board of directors of Marina Port Sozopol, including the alleged appointment of Mr. Karabadjakov as the new executive director of that entity, as filed with the Bulgarian Commercial Register in reliance upon a purported resolution of Rambler dated May

5, 2025 (i.e. the sole shareholder in Marina Port Sozopol), allegedly acting through Mr. Karabadjakov as Rambler's "sole director" (the "May 5th Resolution"), and seeking relief in the form of a declaration of nullity of the May 5th Resolution (the "First Bulgarian Proceedings"). The First Bulgarian Proceedings remain pending before the Sofia City Courts.

Thereafter, the legitimate corporate representative of Rambler commenced a second lawsuit in the Republic of Bulgaria to request the suspension of the registration of the purported changes to the board of Marina Port Sozopol in Commercial Case No. 925/2025 in the Sofia City Courts (the "Second Bulgarian Proceedings"). On May 12, 2025, the Court dismissed and terminated the Second Bulgarian Proceedings for lack of proof in admissible form (i) establishing that the filing party (i.e., Mr. Georgiev as the legitimate director Rambler) continues as the legitimate sole director of Rambler pursuant to its governing documents and pursuant to Marshall Islands law; and, (ii) evidencing the underlying fraudulent actions that resulted in the purported Certificate of Incumbency (information and evidence which is not currently in Petitioner's possession given the fraudulent actions by Mr. Karabadjakov to masquerade as the legitimate director of Petitioner).

Additionally, given the imminent risk of dissipation of Rambler's corporate assets, Mr. Bostandjiev reasonably contemplates commencing a further lawsuit in the Republic of Bulgaria, in his capacity as the ultimate beneficial owner of 80% of the capital in Marina Port Sozopol, seeking to restrain and enjoin any conduct taken in reliance on the May 5th resolution, including, without limitation, any disposal of real estate held by Marina Port Sozopol and/or any attachment of assets of Marina Port Sozopol (including the shares in the company) pending the outcome of judicial proceedings to establish the legality of the purported change of director of Rambler.

In these circumstances, Rambler intends to imminently bring an additional legal action in the High Court of the Marshall Islands once records required in this application are received so as to make allegations fully supported by the official records obtained in the corporate registry files of International Registries, Inc., against Argentina International, Mr. Karabadjakov, as purported director of Rambler, and Mr. Dimitrov, as ultimate beneficial owner of Argentina International. In particular, Rambler reasonably contemplates commencing litigation in the Marshall Islands (a) seeking a declaratory judgment declaring the actions taken by these third parties as *ultra vires* and *void ab initio* and declaring Mr. Georgiev to be the sole director of Rambler; (b) asserting claims against Argentina International for breach of its fiduciary duties as minority shareholder in Rambler; and, (c) asserting claims against Mr. Karabadjakov and his co-conspirators including, without limitation, Mr. Dimitrov, for fraudulently masquerading as legitimate directors of Rambler and its wholly owned subsidiary, Marina Port Sozopol, for purposes of self-dealing in order to divert, dissipate and/or encumber that entity's assets, including, most significantly, the Port Facility, under false pretenses (the "Marshall Islands Proceedings" and, together with the Bulgarian Proceedings, the "Foreign Proceedings").

Although Petitioner seeks information pertaining, in part, to its own corporate and registration records, it cannot obtain such information directly without commencing litigation because of a Marshall Islands administrative arrangement whereby the sole individual authorized to communicate with the Registrar of the Marshall Islands is an entity's designated "Address of Record". Petitioner currently does not have access to information about the actions of the Address of Record (or even the identity of the person currently acting or presenting themselves as Address of Record).

As such, Petitioner cannot currently access its own corporate and registration records in the Marshall Islands without commencing formal litigation proceedings in such jurisdiction. In the meantime, however, Petitioner urgently needs access to critical corporate and registration records to protect its interests against further interference in the Republic of Bulgaria.

## ARGUMENT

### I. PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. 1782 FOR DISCOVERY IN AID OF THE FOREIGN PROCEEDINGS

The basis for this *ex parte* Application is 28 U.S.C. § 1782 ("Section 1782"). "First, it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte." *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012).

Section 1782 authorizes a United States District Court, upon petition of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding:

> The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Whether to grant this petition for discovery pursuant to 28 U.S.C. §1782 is within this Court's discretion. *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018), *cert. denied sub nom. Kiobel ex rel. Samkalden v. Cravath, Swaine & Moore LLP*, No. 18-706, 2019 WL 113206 (U.S. Jan. 7, 2019); *In re Clerici*, 481 F.3d at 1331 ("Once a district

court is assured that it has jurisdiction over the petition, it "may grant discovery under § 1782 in its discretion. We review the decision to grant a Section 1782 petition for abuse of discretion.") (internal citations omitted); *In re Application of Aldunate*, 3 F.3d 54, 62 (2d Cir.), *cert. denied*, 510 U.S. 965 (1993). Further, the United States Supreme Court has interpreted Section 1782 as having a broad application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

Petitioner satisfies each statutory requirement to achieve discovery under 28 U.S.C. 1782. The requirements are:

> (1) the person from whom discovery is sought must reside in or be found in the district of the district court to which the application is made, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made "by a foreign or international tribunal" or by "any interested person."

*In re Application of Aldunate*, 3 F.3d 54, 58 (2d Cir. 1993) (quoting 28 U.S.C. §1782).

Petitioner is an interested person to the pending foreign proceedings as a person with standing to submit evidence (regarding its own ownership, corporate governance and shareholder composition) and in the contemplated foreign proceedings as they will be parties to those litigations. And, International Registries, Inc. has possession, custody and/or control of the discovery sought, reside in or are found within this district; and the evidence is sought for use in the pending and reasonably contemplated Foreign Proceedings which are adjudicative and to be held before one or more foreign tribunal.

### A. International Registries, Inc. is a "Person" that May be Compelled to Provide Discovery

As a corporation, International Registries, Inc. qualifies as a "person" under § 1782, as the United States Code defines a "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. In addition, International Registries, Inc. "resides" or is "found" in this Judicial District. A company

is found where it is incorporated, headquartered or where it is engaged in "systematic and continuous activities." *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (citation omitted). Additionally, International Registries, Inc. regularly does business within the Southern District of New York. Petitioner anticipates serving International Registries, Inc. with subpoenas in this District upon the issuance of an order by the Court authorizing the discovery assistance requested.

**B. Petitioner is an "Interested Person" under the Statute**

*Intel* highlights the broad applicability of the concept of "interested person." The Supreme Court recognized the definition of an interested party to be any person who "possess[es] a reasonable interest in obtaining [judicial] assistance." *Intel*, 542 U.S. at 256. The internal corporate governance of Petitioner, a Marshall Islands non-resident domestic business entity, is the subject of pending Foreign Proceeding in the Republic of Bulgaria.

Petitioner is also an "interested person" as that term is used in 28 U.S.C. §1782 as the reasonably contemplated plaintiff, or necessary party, in the contemplated actions before the foreign tribunals in each of the Republic of Bulgaria and the Republic of the Marshall Islands, each of which concern the legitimate management control of Petitioner and of its wholly owned subsidiary, Marina Port Sozopol. *Matter of Leret*, 981 F. Supp. 2d at 69 (citing *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to 1782 makes plan that 'interested person' includes 'a party to the foreign litigation'").

**C. The Pending and Reasonably Contemplated Proceedings Each Qualify as a "Foreign Tribunal"**

In *Intel*, the Supreme Court confirmed that "[t]he term 'tribunal'… includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts." *Intel*, 542 U.S. at 248. The First Bulgarian Proceedings remain pending before the courts in the Republic of Bulgaria.

In any event, however, the *Intel* Court also relied on the legislative history of the statute to hold that a foreign proceeding need not be pending in order for Section 1782(a) to provide judicial assistance. *Id.* at 258. In fact, the Court expressly rejected the previous view held by the Second Circuit that a proceeding must be "imminent- very likely to occur and very soon to occur." *Id.* at 259 (rejecting *In re Ishihara Chemical Co.*, 251 F.3d 120, 125 (2d Cir. 2001). Rather, the Court held, that the proceeding must only be within "reasonable contemplation." *Id.*

Since *Intel*, several District Courts have followed the Supreme Court's ruling that 28 U.S.C. §1782(a) allows for discovery assistance to proceedings which have not yet been filed. *See e.g., In re Wilhelm*, 470 F. Supp. 2d 409, 410-11 (S.D.N.Y. 2007); *In re Marano*, No. 09-80020, 2009 WL 482649, *2 (N.D. Cal. Feb. 25, 2009) (in the civil proceeding context). Petitioner respectfully submits that it has demonstrated that the pending and reasonably contemplated Foreign Proceedings are well within contemplation as commencement of such actions will be necessary to sue the responsible parties for their breaches of fiduciary duty, self-dealing and wrongful diversion, dissipation and/or encumbering of corporate assets without authorization.

## II. PETITIONER SATISFIES *INTEL*'S DISCRETIONARY FACTORS

"Once the statutory requirements are met, a district court is free to grant discovery at its discretion." *Maubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 96 (2d Cir. 2009) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004)). The Court should exercise its discretion "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). As the Second Circuit observed, Section 1782 is intended to encourage discovery assistance to foreign litigants:

> We read section 1782's investment of broad discretion in the district courts as an invitation for district judges to fashion creative means of implementing the statute's double goal: promoting efficiency in international litigation and persuading other nations, by example, to do the same. Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance.

*See Euromepa S.A.*, 51 F.3d 1095, 1102 (2d Cir. 1995).

In *Intel*, the Court identified court factors that bear consideration in ruling on a §1782 request. While the factors are not exhaustive, the Court stated that a court ruling on a §1782 request should consider: 1) whether the person from whom discovery is sought is a participant in the foreign proceeding; 2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance; 3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; 4) whether the discovery requests are unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65; *In re Clerici*, 481 F.3d at 1334.

Each of the discretionary *Intel* factors favor granting this Application.

First, International Registries, Inc. will not be a party to or a participant in any of the Foreign Proceedings, and the courts of the Bulgarian Proceedings would not have jurisdiction to obtain the requested discovery. *See, e.g., In re O'Keeffe*, 650 F. App'x 83, 85 (2d Cir. 2016) (holding that discovery target's status as a non-party to foreign litigation weighs in favor of granting discovery); *Purolite Corp. v. Hitachi Am., Ltd.*, No. 17 Misc 67 (PAE), 2017 WL 1906905, at *3 (S.D.N.Y. May 9, 2017) (holding Petitioner satisfies first *Intel* factor in part because foreign court would not have jurisdiction to compel United States-based discovery from a non-party). Thus, the first factor weighs in favor of discovery.

Second, there is no evidence that the any of the foreign judicial systems would be unreceptive to the discovery sought here. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, should a district court refrain from granting the assistance offered by the act." *Esses v. Hanania*, 101 F.3d 873, 876 (2d Cir. 1996) (emphasis added). Absent such authoritative proof, "courts have been instructed to tread lightly and heed only clear statements by foreign tribunals." *In re XPO Logistics, Inc.*, No. 15-mc-205, 2017 WL 2226593, at *6 (S.D.N.Y. May 22, 2017) (citation omitted). Indeed, the Bulgarian Court has already indicated the information sought via the Petition is precisely the type of evidence needed to obtain expedited relief in Bulgaria. Thus, the second factor also weighs in favor of discovery.

Third, there is no suggestion that granting the assistance requested by the Petitioner will offend the policies of the foreign judicial systems or constitute a circumvention of their discovery protocols. This factor does not impose upon a Section 1782 Petitioner a "foreign-discoverability requirement." *See Mees*, 793 F.3d at 303. Nor does this factor require a Petitioner to demonstrate it attempted to obtain the discovery from another source, such as the foreign tribunal, prior to filing a 28 U.S.C. § 1782 application. *Id.* (rejecting quasi-exhaustion requirement). Accordingly, the third factor similarly weighs in favor of discovery.

Finally, the requests are neither unduly intrusive nor burdensome. In assessing this factor, the Court should "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *See id.* at 302. International Registries, Inc. maintain these records and can easily search for and produce them without burden or significant expense. *See Catalyst Managerial Servs.*, 680 F. App'x 37, 39 (2d Cir. 2017) (affirming grant of wire transfer discovery from certain banks located in New York); *In*

*re Application of Hornbeam Corp.*, No. 14-mc-424 (Part 1), 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017) (same).

The records requested by the Petitioner are limited to relevant discovery targets – the entities (and related parties) believed to have engaged in fraud and misrepresentation, self-dealing and breach of fiduciary duty in connection with the Petitioner's internal corporate governance and management and control of its corporate assets.

Specifically, records that evidence the fraudulent masquerading of third parties as the legitimate director of the Petitioner, in order to falsely represent that there has been a change in director for purposes of carrying out unlawful and unauthorized actions relating to Petitioner's interest in Marina Port Sozopol in the Republic of Bulgaria, are likely to be relevant to claims against these parties to be pursued in the Foreign Proceedings.

Thus, each of the *Intel* factors weigh in favor of granting this request.

## II. EXPEDITED RELIEF IS NECESSARY AND APPROPRIATE

Given the imminent risk of dissipation of the corporate assets, or encumbrance of such assets, of Marina Port Sozopol, the clear, remedial purposes of the statute are best served by directing production of the requested materials on an expedited basis to facilitate the timely submission of evidence to the foreign tribunal in the Republic of Bulgaria to restrain and enjoin further dissipation of Petitioner's interests and assets in that jurisdiction pending a judicial resolution of the fraudulent attempt by third parties to seize control of Marina Port Sozopol and the Marina project under false pretenses.

## III. THIS COURT MAY GRANT DISCOVERY RELIEF *EX PARTE* AND WITHOUT NOTICE TO THE POTENTIAL FOREIGN RESPONDENTS

It is well-settled law that Section 1782 applications may, and in fact commonly are, granted *ex parte*. *See, e.g., Gushlack v. Gushlack*, 486 Fed. Appx. 215, 217 (2d Cir. 2012) ("[I]t is neither

uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Letters Rogatory From Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("We do not find any of the other objections raised by the witnesses to be persuasive. Letters Rogatory [issued under § 1782] are customarily received and appropriate action taken with respect thereto *ex parte*."); *In re Ex Parte Application of Societe D'Etude De Realisation*, No. 13-mc-0266, 2013 WL 6164435, at *2 (E.D. Pa. Nov. 22, 2013) ("[A] survey of *Intel*'s citing references reveals that the use of *ex parte* applications is widespread and, in many cases, unremarked upon (and thus approved of *sub silento*).") (collecting cases).

Section 1782 provides that "*[t]o the extent that the order does not prescribe otherwise*, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782 (emphasis added). Therefore, *unless the district court's authorizing order provides otherwise*, a party engaged in foreign litigation who serves a § 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must ordinarily first serve notice on all parties to the foreign proceedings pursuant to Fed. R. Civ. P. 45.

Under the express contemplation of the discovery statute, this Court is authorized to order an exception to the traditional rule providing for notice to the parties to the foreign actions. As recognized by this Court in *In re Application of Hornbeam Corp.*, No. 14-mc-424 (Part 1), 2015 WL 13647606, at *5 nt. 14 (S.D.N.Y. Sept. 17, 2015), "where countervailing interests support a party's need to take discovery in secret, a district court can always impose restrictions consistent with the Federal Rules of Civil Procedure or order, pursuant to 28 U.S.C. § 1782(a), that discovery not be taken in accordance with the Federal Rules." Specifically, where an adverse party is not entitled to notice pursuant to the local procedure applicable in the foreign proceeding, a District Court authorizing discovery under Section 1782 can order that the U.S.-based discovery proceed

without notice to the foreign adversaries. *Id*. (citing *Letter of Request from Government of France*, 139 F.R.D. 588, 592 (S.D.N.Y. 1991)).

In *Letter of Request* the foreign litigation was a French criminal investigation which was analogized to a grand jury proceeding. The District Court declined to give the subject of the discovery and foreign proceeding any notice of or access to the discovery, noting that the lack of notice was "fully consistent with French law" and that secrecy of the inquiry was "essential to protect the French Court's criminal investigation and honor the clear, remedial purposes of the [1782] statute in honor of our nation's international obligations. To allow otherwise would create grave risk that evidence would be concealed or destroyed, and French justice defeated." 139 F.R.D. at 591-92. With respect to due process, the Court went on to note that it would accord respect to the fairness and adequacy of the foreign jurisdiction's procedures, and that under Section 1782 the U.S. court "is not to embark upon the task of deciding the propriety of the ultimate uses of evidence gathered under the Section." *Id.* at 592.

Based on this Court's authority to enter an order providing for discovery to proceed pursuant to 28 U.S.C. 1782, and that such discovery may be taken outside the confines of the Federal Rules of Civil Procedure, Petitioner respectfully requests this Court to enter an order in the form attached hereto, which provides that notice to the potential adversaries of the contemplated Foreign Proceedings need not be notified of the subpoenas until such time as the responsive documents are received in full from International Registries, Inc. and prior to submission in any of the Foreign Proceedings.

Given that Bulgarian and RMI procedures provide for the entry of the certain orders on an *ex parte* basis, upon a showing of necessity, and in circumstances where providing notice of this discovery would thwart Petitioner's relief in the foreign jurisdictions (particularly in light of the

unauthorized recording of a filing of a false and misleading Declaration of Incumbency, as further set forth in the Petition), and the unlawful actions being taken under false pretenses in the Republic of Bulgaria in reliance on a counterfeit or fraudulent Certificate of Incumbency, a notice exception is appropriate and warranted here. *See e.g. In re Akhmedova*, No. 19-mc-26 (S.D.N.Y.) (ECF No. 5) (order allowing Petitioner to delay notice until information is submitted in UK proceeding).

**CONCLUSION**

In summary, consistent with precedent cited above, the facts in the present matter meet the requirements of 28 U.S.C. §1782, and the application for the Order Allowing Discovery should be granted.

Dated: New York, New York
May 16, 2025

HOLLAND & KNIGHT LLP

By: James H. Power

James H. Power
Isabel D. Knott
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
James.Power@hklaw.com
Isabel.Knott@hklaw.com

*Attorneys for Petitioner Rambler Finance Company*